11 GORBATY, J.,
dissents with reasons.
I respectfully dissent. In his oral reasons for judgment, the trial judge stated, “[Y]ou got to know whether other people are abusing your children, including their mother... I believe, that the child would have been in so much pain he would have had to know. He should have known... I cannot believe that he did not know, or he should have known...”
A trial court’s findings as to whether parental rights should be terminated are reviewed according to the manifest error/ clearly wrong standard. State ex rel. J.W., 2001-0500 (La.App. 4 Cir. 11/14/01), 801 So.2d 1182. Mr. Humphries resided with the child while the abuse was occurring. He fed T.G. and changed her diapers daily. It is impossible to believe that he would not have noticed the child’s many severe and obvious injuries, including a broken arm, leg, and displaced hip. The trial court’s conclusion that Humphries knew or should have known about the abuse is a finding of fact that is supported by the evidence and cannot be said to be manifestly erroneous. This knowledge is tantamount to “aiding or abetting” abuse, as set forth in La. Ch. Code art. 1015(3)(i), and properly serves as a basis for the termination of parental rights. Accordingly, for these reasons, I would affirm the judgment of the trial court.